COOLEY GODWARD KRONISH LLP
Jason Koral (JMK-1044)
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7798
Telephone: (212) 479-6236
Facsimile: (212) 479-6275

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
MERUELO CAPITAL PARTNERS 2, LLC,,  :
        Plaintiff,  :
   vs.  :
VISHAL BHUTANI and PAUL EIBELER,  :
        Defendant.
------------------------------------- X

**Answer of Defendant Paul Eibeler**

**No. 08-CV-00531 (LBS)**

Defendant Paul Eibeler ("Eibeler") hereby answers the Complaint of Plaintiff Meruelo Capital Partners 2, LLC as follows:

### ANSWER TO COMPLAINT

**1.** Paragraph 1 of the Complaint is Plaintiff's characterization of this action which does not require an answer. To the extent any answer is required, Eibeler denies the allegations in Paragraph 1.

**2.** Answering Paragraph 2 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

**3.** Answering Paragraph 3 of the Complaint, Eibeler admits that he resides in the judicial district. As to all other allegations in Paragraph 3, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis

denies them.

  **4.**  Answering Paragraph 4 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

  **5.**  Answering Paragraph 5 of the Complaint, Eibeler admits that he was a director of Dwango for certain periods, that he attended certain Board Meetings, that he received some non-public information from Dwango, and that had some communications with management, but because of the vagueness of the remainder of the allegations, Eibeler does not have sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them. The allegation that Eibeler was a control person is a conclusion of law to which Eibeler need not respond.

  **6.**  Answering Paragraph 6 of the Complaint, Eibeler admits that Bhutani was a director of Dwango for certain periods and that Bhutani attended Board Meetings. Eibeler does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in the paragraph, and on that basis denies them. The allegation that Bhutani was a control person is a conclusion of law to which Eibeler need not respond.

  **7.**  Answering Paragraph 7 of the Complaint, Eibeler denies that Dijji Corporation f/k/a Dwango is a Texas Corporation. As to the remainder of the allegations in the paragraph, Eibeler denies them because plaintiff does not identify the "relevant times" to which it refers.

  **8.**  Answering Paragraph 8 of the Complaint, Eibeler admits that at certain times, Rick J. Hennessey was Chief Executive Officer and a Director of Dwango. As to the remainder of the allegations in the paragraph, Eibeler does not have sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

  **9.**  Answering Paragraph 9 of the Complaint, Eibeler admits that at certain times,

Alexander Conrad was President, Chief Operating Officer and a director of Dwango. As to the remainder of the allegations in the paragraph, Eibeler denies them because plaintiff does not identify the "relevant times" or "relevant period" to which the paragraph refers. Eibeler is without sufficient knowledge or information to form a belief as to the truth of the allegation that Conrad was or is currently a citizen of the State of Washington, and on that basis, denies such allegation.

10. Answering Paragraph 10 of the Complaint, Eibeler admits that at certain times, J. Paul Quinn was the Chief Financial Officer and treasurer of Dwango. As to the remainder of the allegations in the paragraph, Eibeler denies them because plaintiff does not identify the "relevant times" or "relevant period" to which the paragraph refers. Eibeler is without sufficient knowledge or information to form a belief as to the truth of the allegation that Quinn is or was a citizen of the State of Washington, and on that basis, denies such allegation.

11. Answering Paragraph 11 of the Complaint, Eibeler admits Bhutani and Eibeler served as directors of Dwango for certain periods of time. As to the remainder of the allegations in the paragraph, Eibeler denies them because plaintiff does not identify the "relevant times" to which the paragraph refers. The allegations that Bhutani and Eibeler were control persons of Dwango are conclusions of law to which Eibeler need not respond.

12. The allegations in this paragraph are not directed at Eibeler and he therefore neither admits or denies them.

13. Answering Paragraph 13 of the Complaint, Eibeler denies each and every allegation contained in the paragraph.

14. Answering Paragraph 14 of the Complaint, Eibeler admits that Dwango contracted with Wedbush to act as its agent for the purpose of offering and selling the securities.

Answering each and every other allegation in Paragraph 14, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

15. Answering Paragraph 15 of the Complaint, Eibeler admits the allegations except that he avers that the private placement was completed on February 1, 2005.

16. Answering Paragraph 16 of the Complaint, Eibeler admits the allegation that a complaint was filed in California, but does not admit the allegations in that complaint.

17. Answering Paragraph 17 of the Complaint, Eibeler admits that the California court granted the motion to quash service of the summons and complaint in the California Action for lack of personal jurisdiction. Eibeler denies that such order was issued on August 14, 2007, and avers that the order granting Bhutani and Eibeler's motion to quash jurisdiction in the California Action was issued by the court at the hearing on January 11, 2007.

18. Answering Paragraph 18 of the Complaint, Eibeler admits the allegations.

19. Paragraph 19 of the Complaint is a question of law to which Eibeler need not respond but in any event Eibeler denies the allegation.

20. Answering Paragraph 20 of the Complaint, Eibeler admits the allegations.

21. Answering Paragraph 21 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

22. Answering Paragraph 22 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

23. Answering Paragraph 23 of the Complaint, Eibeler is without sufficient

knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

24. Answering Paragraph 24 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

25. Answering Paragraph 25 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

26. Answering Paragraph 26 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

27. Answering Paragraph 27 of the Complaint, Eibeler denies each and every allegation contained in the paragraph.

28. Answering Paragraph 28 of the Complaint, Eibeler states that it is not clear to which "financial statements" Plaintiff refers, and on that basis, is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

29. Answering Paragraph 29 of the Complaint, Eibeler denies each and every other allegation contained in the paragraph.

30. Answering Paragraph 30 of the Complaint, Eibeler denies each and every allegation contained in the paragraph.

31. Answering Paragraph 31 of the Complaint, Eibeler admits that Dijji's financial statements projected an estimate that the company would earn $130,171 in the first quarter of 2005 and $433,809 in the second quarter of 2005 from the Playboy product line. Except as so

admitted, Eibeler denies each and every other allegation contained in the paragraph.

**32.** Answering Paragraph 32 of the Complaint, Eibeler denies each and every allegation contained in the paragraph.

**33.** Answering Paragraph 33 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

**34.** Answering Paragraph 34 of the Complaint, Eibeler denies each and every allegation contained in the paragraph.

**35.** Answering Paragraph 35 of the Complaint, Eibeler admits that plaintiff purchased $2.5 million worth of Dwango securities through broker-dealer Wedbush on February 1, 2005. Except as so admitted, Eibeler denies each and every other allegation contained in the paragraph.

**36.** Answering Paragraph 36 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

**37.** Answering Paragraph 37 of the Complaint, Eibeler admits that Dwango announced its first quarter 2005 revenue and income performance, and admits that Dwango reported first quarter revenue of $1,060,000. Except as so admitted, Eibeler denies each and every other allegation contained in the paragraph.

**38.** Answering Paragraph 38 of the Complaint, Eibeler is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

**39.** Answering Paragraph 39 of the Complaint, Eibeler admits that Dwango announced its financial results for the second fiscal quarter of 2005 on August 15, 2005. Except

as so admitted, Eibeler denies each and every other allegation contained in the paragraph.

40. Answering Paragraph 40 of the Complaint, Eibeler admits that according to the August 15, 2005 press release the Playboy products had not yet launched, and admits that the Minifizz products were never launched. Except as so admitted, Eibeler denies each and every other allegation contained in the paragraph.

41. Answering Paragraph 41 of the Complaint, Eibeler denies each and every allegation contained in the paragraph.

42. Answering Paragraph 42 of the Complaint, Eibeler restates and incorporates by reference its answers to the allegations within paragraphs 1 through 41.

43. Paragraph 43 of the Complaint is Plaintiff's characterization of the first cause of action which does not require an answer. To the extent any answer is required, Eibeler denies the allegations in Paragraph 43.

44. Answering Paragraph 44 of the Complaint, Eibeler denies each and every allegation contained in the paragraph and all subparagraphs.

45. Answering Paragraph 45 of the Complaint, Eibeler admits that both Bhutani and Eibeler were directors of Dwango. Except as so admitted, Eibeler denies each and every other allegation contained in the paragraph.

46. Answering Paragraph 46 of the Complaint, Eibeler denies each and every allegation contained in the paragraph.

47. Answering Paragraph 47 of the Complaint, Eibeler admits that Plaintiff has brought the action within five years of the purchase of the date the Private Placement Memorandum was executed. Except as so admitted, Eibeler denies each and every other allegation contained in the paragraph.

48. Answering Paragraph 48 of the Complaint, Eibeler restates and incorporates by reference its answers to the allegations within paragraphs 1 through 41 and paragraphs 43 through 47.

49. Paragraph 49 of the Complaint is Plaintiff's characterization of the second cause of action which does not require an answer. To the extent any answer is required, Eibeler denies the allegations in Paragraph 49.

50. Answering Paragraph 50 of the Complaint, Eibeler denies each and every allegation contained in the paragraph and all subparagraphs.

51. Answering Paragraph 51 of the Complaint, Eibeler admits that both Bhutani and Eibeler were directors of Dwango. Except as so admitted, Eibeler denies each and every other allegation contained in the paragraph.

52. Paragraph 52 is a conclusion of law which does not require an answer. To the extent any answer is required, Eibeler denies the allegations in Paragraph 50.

53. Answering Paragraph 53 of the Complaint, Eibeler denies each and every allegation contained in the paragraph.

WHEREFORE, Eibeler prays as follows:

(a) That Plaintiff take nothing by reason of this Complaint, that judgment be rendered in favor of Eibeler;

(b) That Eibeler be awarded his costs of suit incurred in defense of this action; and

(c) For such relief as the Court deems proper.

## AFFIRMATIVE DEFENSES OF PAUL EIBELER

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim under Fed. R. Civ. Proc. 12(b)(6))**

1.     The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

2.     Each and every cause of action in the complaint is barred by the applicable statutes of limitations including, without limitation, California Corporations Code section 25506(b) and Washington Revised Code section 21.20.430(4)(b).

**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

3.     Each and every cause of action in the complaint is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Materiality)**

4.     To the extent that Plaintiff can demonstrate any falsehood or omission in connection with the offering of securities in question, such falsehood or omission lacks materiality for reasons including, but not limited to, the fact that any such falsehood or omission by law lacks materiality owing to the ample cautionary language within the offering materials provided to Plaintiff, which bespoke caution regarding the forward looking statements complained of by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Intent)**

5.     To the extent that Eibeler might have engaged in any and/or all of the acts, omissions and conduct alleged in the Complaint, Eibeler acted in good faith and with innocent intent at all times in engaging in any and/or all of the acts, omissions, and conduct alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Knowledge of Any Falsehood or Omission)**

6.     To the extent that Plaintiff can demonstrate any falsehood or omission in

connection with the sale of securities, Eibeler exercised reasonable care and possessed no knowledge of any such falsehood or omission.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Reasonable Grounds for Knowledge)

7.  To the extent that Plaintiff can demonstrate any falsehood or omission in connection with the sale of securities, and to the extent that Plaintiff can demonstrate that Eibeler failed to exercise reasonable care, Eibeler did not have and would not have had knowledge of such falsehood or omission even had it exercised reasonable care.

### EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiff's Knowledge)

8.  To the extent that Plaintiff can demonstrate any falsehood or omission in connection with the sale of securities, Plaintiff possessed knowledge of the risks associated with, and uncertain nature of the forward looking statements and estimates complained of by Plaintiff.

### NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Reliance)

9.  To the extent that Plaintiff can demonstrate any falsehood or omission in connection with the sale of securities, Plaintiff did not rely on any such falsehood or omission in its decision to purchase the securities in question.

### TENTH AFFIRMATIVE DEFENSE
### (Estoppel and/or Waiver)

10.  Eibeler is informed and believes, and based thereon alleges, that the Complaint, and each and every purported cause of action alleged therein, is barred by the doctrines of estoppel and/or waiver.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Damage or Loss)

11.  Eibeler is informed and believes, and based thereon alleges, that Plaintiff did not

sustain any losses, damages, or detriment in any sum or amount whatsoever, as a result of any alleged acts, omissions, fault, fraud, carelessness, recklessness, negligence, or other breach of duty on the part of Eibeler.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Third Party Responsibility)**

12. To the extent that Plaintiff can demonstrate an injury or damages, Eibeler is informed and believes, and based thereon alleges, that such injury was proximately caused, in whole or in part, by the acts, omissions, fault or conduct of third parties for whom Eibeler is not legally responsible and has no legal control.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Contribution/Indemnification)**

13. To the extent that Plaintiff can demonstrate an injury or damages, Eibeler is informed and believes, and based thereon alleges, that it is entitled to contribution and/or indemnification from third-parties whose own acts and/or omissions contributed to and/or caused such injury or damages.

**FOURTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE**
**(Mitigation)**

14. To the extent that Plaintiff can demonstrate an injury or damages, Eibeler is informed and believes, and based thereon alleges, that Plaintiff failed to make reasonable efforts to mitigate such damages.

**FIFTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE**
**(Right to Assert Additional Defenses)**

15. Due to the vague and ambiguous nature of the Complaint, Eibeler is not able to ascertain whether they may have additional, as yet unstated, defenses. Accordingly, Eibeler reserves the right to assert additional defenses in the event that it becomes apparent that such

defenses are appropriate.

Executed at Information.

Dated: February 28, 2008                    Respectfully submitted,

                                            COOLEY GODWARD KRONISH LLP


                                            By:  /s/ Jason Koral
                                                 Jason Koral (JMK-1044)
                                                 The Grace Building
                                                 1114 Avenue of the Americas
                                                 New York, NY 10036-7798
                                                 (212) 479-6236


                                                 COOLEY GODWARD KRONISH LLP
                                                 CHRISTOPHER J. SUNDERMEIER
                                                 (166126)
                                                 EMILY BURNS (228123)
                                                 FIVE PALO ALTO SQUARE
                                                 3000 EL CAMINO REAL
                                                 PALO ALTO, CA  94306-2155
                                                 (650) 843-5000

                                            *Attorneys for Defendant*
                                            *PAUL EIBELER*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MORUELO CAPITAL PARTNERS 2, LLC,           :

               Plaintiff,           :

            vs.           :

VISHAL BHUTANI and PAUL EIBELER,           :      **Index No.: No. 08-CV-00531 (LBS)**

                           :

             Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2008, defendant Paul Eibeler's answer was filed via CM/ECF, which will provide electronic copies and notification of filing to the following counsel:

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
350 Fifth Avenue, Suite 5508
New York, New York 10118

Dated: February 28, 2008

New York, New York

                                                   /s/ Jason Koral
                                             Jason Koral (JK-1044)

                                             COOLEY GODWARD KRONISH LLP
                                             1114 Avenue of the Americas
                                             New York, NY 10036-7798
                                             Phone: (212) 479-6000
                                             Fax: (212) 479-6275